**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VIVEK SUNDARAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0491 |
| | § | |
| FLAGSTAR BANK F.S.B. and | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Vivek Sundaram sued Flagstar Bank and the Federal Home Loan Mortgage Corp., challenging Flagstar's right to foreclose on his property.  (Docket Entry No. 1, Ex. B-1, Original Pet.).  The defendants moved for summary judgment, Sundaram responded, and the defendants replied.  (Docket Entries No. 8, 9, 10).  After hearing oral argument on the motion, this court granted summary judgment for the defendants and entered final judgment.  (Docket Entry Nos. 14, 15, 17).  On July 27, 2012, Sundaram filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  (Docket Entry No. 19).  The defendants responded.  (Docket Entry No. 20).

Based on the motion and the response; on this court's prior ruling; and on the applicable law, Sundaram's motion is denied, for the reasons explained below.

**I.      Background**

This case arose from Sundaram's admitted default on his residential mortgage.  Sundaram sued after an October, 4, 2011 foreclosure sale of the property, asserting claims for wrongful

foreclosure, fraudulent lien, and Real Estate Settlement Procedures Act ("RESPA") violations. (Docket Entry No. 1, Ex. B-9, 2d Am. Pet., ¶¶ 33–42). He also sought injunctive relief and a declaratory judgment that the assignment of the deed of trust was invalid. (*Id.*, ¶¶ 18–32, 46). In pertinent part, Sundaram argued that Flagstar had no foreclosure right because it failed to provide proof of ownership. (*Id.*, ¶¶ 26, 28).

The defendants moved for summary judgment. (Docket Entry No. 8). They argued, in relevant part that "Flagstar obtained servicing rights and the Deed of Trust regarding the Note and Property. *See* Exhibits A-3 and B-2. The Notice of Assignment of Servicing was even executed by Plaintiff and the Assignment of the Deed of Trust was recorded in the real property records where the Property is located. *See* Exhibits A-3 and B-2 . . . ." (*Id.*, ¶¶ 17–18, 23–24).

In response, Sundaram argued that there was a factual dispute material to determining whether Flagstar had standing to foreclose because "Sharon Morgan is not the vice-president of MERS," and "one month after the purported assignment to Flagstar, Freddie Mac claimed ownership of Plaintiff's Note and Deed of Trust." (Docket Entry No. 9, ¶¶ 3–6, 10–12).

The defendants responded that "the fact that Ms. Morgan was employed by Flagstar is not evidence that would or could support any contention that she was not authorized to execute the Assignment attached to Defendants' Motion as Exhibit B-2." (*Id.*, ¶¶ 5–8, 11 (citing Docket Entry No. 8, Ex. A)).

This court granted summary judgment for the defendants because the summary-judgment record showed no genuine dispute of material fact that Flagstar was the loan servicer and the noteholder. In his Rule 59(e) motion, Sundaram has advanced the same facts and arguments that this court found unpersuasive when it granted summary judgment for the defendants.

## II.    The Applicable Legal Standards

A Rule 59(e) motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 127–28 (2d ed. 1995)).  "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alteration in original) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)) (internal quotation marks omitted).  "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A. 98–2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *see also Joe v. Minn. Life Ins. Co.*, 272 F. Supp. 2d 603, 604 (S.D. Miss. 2003) ("'Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.'" (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990))).

### III.    Analysis

In his motion, Sundaram does not claim newly discovered evidence.  Nor does he raise an argument that could not have been raised before the judgment issued.  Sundaram's Rule 59(e) motion falls under the category of motions intended to correct a manifest error of law or fact.  The evidence he relies on was included in the summary-judgment record.  The court explained in its oral ruling that its grant of summary judgment for the defendants was based on a review of all the summary-judgment evidence.  In his summary-judgment response, and through his counsel at the hearing, Sundaram advanced the same arguments now raised in his Rule 59(e) motion.  This court considered and rejected these arguments in light of well-settled law on mortgage assignments that made the fact issues urged by Sundaram immaterial.  In his Rule 59(e) motion, Sundaram does not challenge this legal conclusion.  This court has already considered and rejected the arguments Sundram's motion raises.  Sundaram's motion does not justify relief under Rule 59(e).  *See, e.g.*, *Texaco*, 1999 WL 53948, at *1 ("A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court.").

### IV.    Conclusion

Sundaram's motion to alter or amend the judgment, (Docket Entry No. 19), is denied.

SIGNED on October 26, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

4